IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01644-PAB

JASON ANTHONY ALSTEENS,

    Plaintiff,

v.

ANTHONY PIPER,
JOHN DOE 1, Sergeant, and
JOHN DOE 2, Corrections Officer,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on the order to show cause [Docket No. 25] entered by Magistrate Judge Michael E. Hegarty on October 15, 2018. On June 28, 2018, plaintiff filed a pro se prisoner complaint asserting violation of his rights under the Eighth Amendment. Docket No. 1. Plaintiff filed an amended complaint on July 13, 2018. Docket No. 6. On August 2, 2018, the magistrate judge entered an order setting a status conference for October 10, 2018. Docket No. 11. On September 6, 2018, the status conference was vacated and reset for October 11, 2018. Docket No. 14. On September 17, 2018, the mailed notice of the order resetting the status conference was returned as undeliverable. Docket No. 16. The stamp on the outside of the envelope indicated that plaintiff had been released from the Colorado State Penitentiary. *See* Docket No. 16 at 1.

After plaintiff failed to appear at the October 11, 2018 status conference, the

magistrate judge ordered defense counsel to submit a status report with plaintiff's current contact information on or before October 17, 2018. Docket No. 22. Defendant filed his status report on October 15, 2018 stating, upon information and belief, that plaintiff was "currently in the custody of the Pueblo Sheriff's Office, 909 Court Street, Pueblo, Colorado 81003, where he [was] being held for felony escape and a parole violation." Docket No. 24 at 2, ¶ 9. In light of the information provided in the status report, the magistrate judge issued an order directing plaintiff to show cause in writing no later than November 5, 2018 why this case should not be dismissed for failure to prosecute. Docket No. 25. After receiving no response to the show cause order,[1] the magistrate judge directed the Clerk of the Court to reassign the case pursuant to D.C.COLO.LCivR 40.1(c)(2). *See* Docket No. 28. The magistrate judge also recommended that the case be dismissed without prejudice for failure to prosecute. *See id.*

Plaintiff's pro se status does not relieve him of the obligation to diligently prosecute his case and "comply with the same rules of procedure that govern other litigants." *Marburger v. Estate of Newfeld*, No. 14-cv-00971-PAB-KLM, 2015 WL 4035651, at *1 (D. Colo. June 30, 2015) (report and recommendation accepted) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Not only has plaintiff failed to respond to the Court's October 15, 2018 show cause order, but he also has not

---

[1] A copy of the show cause order was also sent to the Colorado State Penitentiary, *see* Docket No. 27, and returned as undeliverable. The Court has confirmed, however, that the order was sent both to the Pueblo Sheriff's Office and to the Colorado State Penitentiary. No mail has been returned as undeliverable from the Pueblo Sheriff's Office.

complied with D.C.COLO.LCivR 5.1(c), which states that "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change."

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Rule 41(b) has "long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (internal quotation marks omitted). Given plaintiff's failure to respond to the Court's show cause order or otherwise make any contact with the Court since the filing of his amended prisoner complaint on July 13, 2018, *see* Docket No. 28, the Court considers whether to dismiss this action for failure to prosecute.

The Tenth Circuit has enumerated five factors that a court should weigh in determining whether to dismiss a case as a sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks and citations omitted). The Court finds that these factors weigh in favor of dismissal. Plaintiff has not made any effort to contact the Court in almost four months. His failure to provide the Court with updated contact

information indicates that he lacks an interest in resolving this matter on the merits. Moreover, in light of plaintiff's failure to respond to the Court's recent orders or make any contact with the Court since July 2018, any sanction short of dismissal would be ineffectual. It is therefore

**ORDERED** that plaintiff's first amended Prisoner Complaint [Docket No. 6] is **DISMISSED** without prejudice. It is further

**ORDERED** that this case is closed.

DATED November 15, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge